NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1718
_____

UNITED STATES OF AMERICA

v.

LATEEFAH MCKENZIE BODY,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 3-12-cr-00745-001)
District Judge:  Honorable Mary L. Cooper
_____

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2014

Before:  SMITH, HARDIMAN and BARRY, *Circuit Judges*.

(Filed: November 21, 2014)

_____

OPINION*
_____

HARDIMAN, *Circuit Judge*.

Lateefah Body appeals her judgment of conviction and sentence following a jury

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

trial. We will affirm.

I

Body worked as a customer service administrator for in Ventiv Health, a company that Abbott Laboratories used to supply free HIV and cancer medications to indigent patients through Abbott's Patient Assistance Foundation (PAF). One of Body's duties was processing patient applications for the PAF. In doing so, Body entered patient names as well as the names and addresses of the treating physicians and the medicines and dosages requested.

Simply put, Body hatched a multimillion-dollar scheme to bilk needy patients out of lifesaving drugs. She created fictitious patients, and then, using real doctors' names as addressees, shipped the drugs to addresses associated with her co-conspirator Keisha Jackson. It was easy to track which orders Body processed because she and her fellow customer service administrators each had a unique username and password. Body herself placed 605 fraudulent orders for medicine. And after she was fired for unrelated conduct, Body recruited another employee to continue the scam, resulting in an additional 950 fraudulent orders. The wholesale acquisition cost of the nearly 1,600 fraudulent orders was more than $7.7 million.

II

A

The District Court had jurisdiction over this criminal case pursuant to 18 U.S.C. § 3231. We have jurisdiction over the appeal from a final judgment of conviction

2

pursuant to 28 U.S.C. § 1291 and over the challenge to the sentence pursuant to 18 U.S.C. § 3742(a).

B

Body first argues that the District Court admitted unfairly prejudicial evidence in violation of Federal Rule of Evidence 403. We review the District Court's decision to admit evidence for abuse of discretion and reverse only if the decision was arbitrary or irrational. *United States v. Universal Rehab. Servs. (PA), Inc.*, 205 F.3d 657, 665 (3d Cir. 2000) (en banc).

The gist of Body's argument is that a $2,300 check she received from her co-conspirator Jackson should have been excluded unless the Government called Jackson to testify at trial or introduced her prior out-of-court statements. According to Body, the check was misleading to the extent it suggested that it was drawn from drug proceeds and that Jackson was paying Body for her part in the scheme. Body contends that Jackson rebutted both of those inferences in a government interview. There she said that the source of the money for the check was a settlement from an unrelated civil suit and that Body needed it to pay for a surgery—a tummy tuck, according to the check's memo line. Without introducing those statements by Jackson, Body argues, the Government misled the jury into assuming the worst about the check. Although Body could have called Jackson as a defense witness, she claims it would have created a catch-22 because Jackson was cooperating with the Government and had already pleaded guilty.

The principal problem with Body's argument is that Jackson's purportedly

3

exculpatory statements are surrounded by various inculpatory ones. For example, in the lone paragraph that Body cites, Jackson inculpates her four separate times. After stating that she offered Body the check to pay for her surgery, Jackson said she was "frustrated because [she] felt she was returning most of the money [Body] had given her for receiving the medication at her address." App. 434. Jackson then asserted that, after writing the check, Body promised to stop sending drugs to Jackson's residence but failed to follow through on that promise.

It strains credulity to argue, as Body does, that the only possible inference from Jackson's statements is that the check was unrelated to the scheme. At best, Jackson equivocated. And for that reason Body understates the probative value of the evidence while overstating its prejudicial effect. As the Government argued below, the check was probative evidence of a substantial financial transaction between co-conspirators while the scheme was transpiring. Though Body could argue that Jackson simply wrote the check to help out a friend, the District Court did not abuse its discretion by also allowing the Government to argue for its favored inference. *See United States v. Silveus*, 542 F.3d 993, 1004 (3d Cir. 2008) ("A jury may use circumstantial evidence to support reasonable inferences of fact.").

C

Body next argues that the District Court erred when it denied her a reduction in offense level for acceptance of responsibility. We review this decision for clear error. *United States v. Boone*, 279 F.3d 163, 193 (3d Cir. 2002).

4

The relevant commentary to the United States Sentencing Guidelines dooms

Body's second argument. Application Note 2 states:

> This adjustment [for accepting responsibility] is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. . . . [A] determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

USSG § 3E1.1, cmt. n.2. Here, Body went to trial, denied essential factual elements of

guilt, was convicted, and even then only tepidly acknowledged guilt, claiming that she

was an unwitting pawn in the scheme. In fact, as the District Court found, the evidence

indicates that Body engineered the scheme.  Regardless, her pre-trial statements evinced

no admission of guilt whatsoever, so we cannot say that the District Court clearly erred in

denying Body a sentence reduction for acceptance of responsibility.

D

Finally, Body argues that her sentence is substantively unreasonable because she

accepted responsibility, endured a very difficult childhood, recently suffered personal

hardships, and the loss attributed to her overstated the gravity of her offense. We review

the substantive reasonableness of a sentence for abuse of discretion and afford deference

to the District Court's sentencing determination. *United States v. Tomko*, 562 F.3d 558,

567, 570 (3d Cir. 2009) (en banc).

Body's Guidelines range was 70 to 87 months' imprisonment.  She requested a

downward variance for the reasons just noted. After listening to her arguments, the

5

District Court concluded that a sentence at the bottom of the Guidelines range (70 months) was appropriate. Because that decision was well supported by the record, we hold that the District Court did not abuse its discretion. *See, e.g.*, *Rita v. United States*, 551 U.S. 338, 359–60 (2007); *Tomko*, 562 F.3d at 567–568.

## III

For the foregoing reasons, we will affirm the District Court's judgment of conviction and sentence.